

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SOLOMON D. SIMMONS, JR.,
    Plaintiff,
v.

Civil No. 2:13cv665

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,
    Defendant.

## FINAL ORDER

Plaintiff Solomon D. Simmons, Jr. ("Mr. Simmons") brought this action under 42 U.S.C. §§ 1383(c)(3) and 405(g) seeking judicial review of the final decision of the Social Security Commissioner ("Commissioner") denying his claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by order of reference dated February 20, 2014, this matter was referred to United States Magistrate Judge Tommy E. Miller for a Report and Recommendation ("R&R").

In a R&R filed November 12, 2014, Magistrate Judge Miller found that the decision by the Administrative Law Judge ("ALJ") to deny Mr. Simmons's claim was supported by substantial evidence. R&R, November 12, 2014, ECF No. 16 at 13. Accordingly, Magistrate Judge Miller recommended denying Mr. Simmons's Motion for Summary Judgment, granting the Commissioner's Motion for Summary Judgment, and affirming the decision of the Commissioner. *Id.*

By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received Mr.

1

Simmons's objections to the Magistrate Judge's R&R, and has considered the objections carefully.

Mr. Simmons argues that the Magistrate Judge misstated the record and affirmed the ALJ's denial of SSI benefits by mischaracterizing his disability as hearing loss. Mr. Simmons contends that his claim was brought on the basis of vertigo, tinnitus and Meniere's disease, and that any mention of hearing loss was intended to indicate a symptom, not an impairment. He further argues that his diagnoses of vertigo, tinnitus and Meniere's disease meet the criteria contained within the Social Security Administration's official listing of impairments ("Listing of Impairments"), specifically Listing 2.07.

After reviewing the record *de novo*, this Court concludes that the ALJ's determination that Mr. Simmons's diagnoses do not equal the requirements set forth in the Listing of Impairments is supported by substantial evidence.

An impairment does not meet the criteria of a listing based solely on a diagnosis. Rather, it must "satisf[y] *all* of the criteria in the listing." 20 C.F.R. § 404.1525(c)(3) (emphasis added). The ALJ also evaluated these impairments under Listing 2.00, which encompasses Listing 2.07. "[P]rogressive loss of hearing" is required to satisfy the criteria under Listing 2.07. 20 C.F.R. § Pt. 404, Subpt. P, App. 1. The ALJ found that Mr. Simmons's vertigo, tinnitus, and Meniere's disease constituted severe impairments, but that his hearing loss was not severe. The ALJ reviewed documentation submitted by Mr. Simmons's physician and evaluated Mr. Simmons's testimony, which supported his finding that Mr. Simmons failed to establish a progressive loss of hearing.[1] Additionally, the ALJ considered both state agency physicians' conclusions that Mr. Simmons did not meet or equal the listed impairment. A.R. 73–76. The Court finds that substantial evidence supports the ALJ's finding.

---

[1] Dr. David B. Dorofi, an Ear, Nose and Throat specialist, found that although Mr. Simmons had "very mild bilateral" hearing loss, he could hear conversational voice. *See* A.R. 217–18. Additionally, Mr. Simmons testified that his hearing was "fine." A.R. 46.

2

This Court has reviewed the R&R of Magistrate Judge Miller and **ADOPTS** and **APPROVES** in full the findings and recommendations set forth therein. ECF No. 16. Accordingly, it is hereby **ORDERED** that Mr. Simmons's Motion for Summary Judgment (ECF No. 10) is **DENIED**, the Commissioner's Motion for Summary Judgment (ECF No. 11) is **GRANTED**, the decision of the Commissioner is **AFFIRMED**, and this case is **DISMISSED WITH PREJUDICE**.

The Clerk is **REQUESTED** to forward a copy of this Order to all parties.

**IT IS SO ORDERED.**

_____
Arenda L. Wright Allen
United States District Judge

February 24, 2015
Norfolk, Virginia